EDWARD L. COFFEY, PROSECUTOR, v. EDITH W. COFFEY, JUVENILE COURT OF THE COUNTY OF ATLANTIC, NEW JERSEY, NOW ATLANTIC COUNTY JUVENILE AND DOMESTIC RELATIONS COURT AND PALMER M. WAY, JUDGE OF ATLANTIC COUNTY JUVENILE AND DOMESTIC RELATIONS COURT, DEFENDANTS.

Argued May 7, 1940—Decided July 17, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Benjamin A. Rimkufsky.*

The opinion of the court was delivered by

HEHER, J. On September 19th, 1925, prosecutor was adjudged "to be a disorderly person" in the Juvenile Court

of the County of Atlantic on a sworn complaint made by his wife, then a resident of the City of Philadelphia, in the State of Pennsylvania, charging that he had "abandoned, deserted and willfully refused or neglected to provide for" her, and ordered to pay the sum of $15 per week to "the Chief Probation Officer of the County of Atlantic for the support and maintenance of his said family." By an order entered on February 26th, 1927, the weekly payment thus prescribed was reduced to $7.50; and, by a like order made on September 1st, 1933, there was a further reduction to $3.50.

On February 21st, 1939, prosecutor presented a petition to the Atlantic County Juvenile and Domestic Relations Court, averring the non-residence of his wife at the time of the making of the complaint, and likewise when the subsequent orders adverted to were entered, and that she had never "maintained a residence" in this state and "would not become a public charge" therein, and praying that the judgment be vacated for want of jurisdiction of the subject-matter. A rule directing the defendants herein to show cause why the prayer of the petition should not be granted was discharged on the ground that the judgment, as so modified, "cannot now be collaterally attacked;" and this judicial action is now assailed on *certiorari.*

The argument is that under the revision of the Disorderly Persons' act adopted in 1898, as amended by chapter 86 of the laws of 1911 (*Pamph. L.* 1898, *p.* 947; *Comp. Stat.* 1910, *p.* 1931; *Pamph. L.* 1911, *p.* 117), jurisdiction could be conferred only by a complaint made by the municipal overseer of the poor, and that "it was also necessary to show" that the complaining wife "would become a public charge on the City of Atlantic City."

The instant proceeding is a direct rather than a collateral attack upon the judgment. *Hinners* v. *Banville,* 114 *N. J. Eq.* 348. Moreover, if there was a lack of jurisdiction of the subject-matter, the judgment is void, and is therefore subject to collateral attack. *Maguire* v. *Van Meter,* 121 *N. J. L.* 150; *McMahon* v. *Amoroso,* 108 *N. J. Eq.* 263.

Chapter 360 of the laws of 1912, as amended by Chapter 83 of the laws of 1918 (*Pamph. L.* 1912, *p.* 630; *Pamph. L.*

1918, *p.* 214), invested the several county juvenile courts with concurrent jurisdiction of "disputes involving the domestic relation, or the welfare of children, the jurisdiction over which is now or may hereafter be by law vested in any court of this State except the Court of Chancery and the Orphans Court," and defined that jurisdictional grant as embracing "complaints for violation" of the Disorderly Persons' act (Revision of 1898), the act for the settlement and relief of the poor (Revision of 1911), the act of 1915 concerning the welfare of children, "and the acts amendatory thereof and supplements thereto, where the gravamen of the complaint is the failure or neglect of one member of a family to satisfy or discharge his legal obligations to another member or members of the family; and charges against any persons for abandonment or non-support of wives, or children, or poor relatives, under any provision of law; and prosecutions instituted by the poormaster of any municipality, based upon or arising out of the marriage state."

Prosecutor seems to have been adjudged a disorderly person under the provisions of section 17 of the act relating to disorderly persons, *supra;* and, since the complaint was not interposed by the municipal overseer of the poor, as is therein provided, the jurisdiction of the county Juvenile Court was not lawfully invoked, and the judgment is therefore void. The Juvenile Court could not entertain jurisdiction under the statute upon the complaint tendered by the wife. This statutory proceeding was designed to safeguard the municipality against loss arising from the failure of the erring husband to discharge the particular marital duty; it was not the purpose to provide direct relief for the neglected wife. *Gedney* v. *Dey,* 44 *N. J. L.* 576; *Heller* v. *Brown,* 57 *Id.* 634; *O'Shaughnessy* v. *McLorinan,* 43 *Id.* 410. The making of a complaint by the municipal overseer of the poor and an allegation therein that, by reason of the husband's desertion or willful refusal or neglect to provide for and maintain his wife, she "may become chargeable to" the municipality, were jurisdictional prerequisites. *Bennett* v. *Lloyd,* 78 *Id.* 212; *Eckerson* v. *Mitchell,* 74 *Id.* 347; *Cohen* v. *Camden,* 58 *Id.* 499. The ruling principle was also applied in *Kaufman* v. *Smathers,* 111 *Id.* 52.

The case of *Hall* v. *Corio*, 122 *N. J. L.* 73, is not in point. The revision of the act to establish Juvenile and Domestic Relations Courts, adopted in 1929 (*Pamph. L., p.* 274), enlarges upon the jurisdiction of such courts as defined in the pre-existing enactments. These supplemental provisions are referred to in the last cited case. They are not applicable here, since the challenged judgment was entered prior to the adoption of the revision.

While section 23 of the Disorderly Persons' act, *supra* (*Comp. Stat.* 1910, *p.* 1933), provided that all such orders "shall continue in force for the term of one year from the time when the payments therein directed commence to run," yet such orders on their face are determinative of rights of the parties at the time they were entered, and we think that, being void, they should in the circumstances have been vacated.

The judgment is accordingly vacated for lack of jurisdiction of the subject-matter, but without costs.