ALICE F. HIERS, complainant-appellant,

*v.*

CHARLES H. HIERS, defendant-respondent.

[Submitted May 29th, 1942.   Decided January 7th, 1943.]

*Mr. Edison Hedges,* for the appellant.

*Mr. William Charlton,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from a decree of the Court of Chancery dismissing complainant-appellant's bill for separate main-tenance filed June 6th, 1941.   The bill was dismissed on motion before hearing on the ground that complainant, by seeking and getting an order for support in the Atlantic County Juvenile and Domestic Relations Court, on May 6th, 1938, which order was reduced on March 11th, 1941, lost any right she had to apply to the Court of Chancery for support.   In so holding, we conclude that the learned advisory master was in error.

The advisory master felt bound by two cases in the Court of Chancery.   *Roarke* v. *Roarke, 77 N. J. Eq. 181,* and *Zin-*

*zonico* v. *Zinzonico, 14 N. J. Mis. R. 674.* These cases support the contention that a wife who proceeds in the law court makes an election of remedies and thereafter may not apply to the Court of Chancery while the order is in effect.

A reading of the statutes providing for relief in the Domestic Relations Court clearly indicates that the purpose of the relief to be had there is to prevent deserted wives and children from becoming public charges. Indeed, in the instant case, the order provided for payment of the amount awarded to the chief probation officer of the County of Atlantic. *R. S. 44:1-143* provides that the overseer of the poor may apply to the court for support of a needy, neglected family. *R. S. 2:204-5* provides that in lieu of the statutory penalty the court may require the husband to make weekly payments to the overseer of the poor. In *Carney* v. *Carney, 119 N. J. Law 5,* Mr. Justice Parker, for this court, posed the question whether or not the overseer was a necessary party to such a proceeding. In *Coffey* v. *Coffey, 125 N. J. Law 205,* the Supreme Court held that the making of the complaint by the overseer of the poor was a jurisdictional requisite under the last mentioned statute.

In the instant case, as stated, it was held that there was an election of remedies and we shall confine the determination to that question.

In order to hold that there was an election of remedies or that the determination in the Domestic Relations Court is *res judicata* there must be similarity of relief to be granted and of the grounds which would entitle a wife to relief. In *Tremarco* v. *Tremarco, 117 N. J. Eq. 50,* it was said: "The doctrine is not applicable in the present case for the reason that the remedy here sought by the appellant is not inconsistent with the earlier case, but for the further relief which the courts of this state alone could give."

The proceedings are entirely different. As stated, the primary purpose of the proceeding in the law court is for the protection of the public. The relief is granted only when there is need. Mere subsistence usually is granted, so that the wife and children will not become objects of public charity. In fact, the order made in this case recites that

"the said family may become chargeable to the City of Atlantic City." The law court does not go into the question of the needs of the wife, the ability of the husband to pay, the station in life of the parties, the scale of living to which the husband has permitted the wife to become accustomed, and like questions, all of which are proper subjects of inquiry in a proceeding in the Court of Chancery. While a bond may be required in the law court, that court lacks the power of the equity court to make a *ne exeat* order and lacks the general jurisdiction of the equity court in marital cases. The order in the law court is by the terms of the statute, *R. S. 2:204-10,* operative for only one year from its date, whereas a decree in Chancery is indefinite in time and is effective until amended in a proceeding for that purpose. In order to get relief in the Domestic Relations Court, it is necessary to aver and show that there has been an abandonment without any support, or at least without sufficient for actual subsistence. In the Chancery proceeding, however, a wife who is actually receiving financial aid from her husband may ask for more in the light of the situation of the parties. *Hueber* v. *Hueber, 123 N. J. Eq. 154.* Under one of the provisions of the Disorderly Persons Act, *R. S. 2:202-1,* proceedings may be had not only against a husband or father but against "all persons who shall leave or threaten to leave their families to be maintained by the city, township or county or to become chargeable thereto." This includes any person who may be under legal obligation to support members of his or her family.

The two proceedings, therefore, are so different in their nature and in the relief that may be given and in the object to be attained, as well as in the matters of fact that enter into the determination, that it cannot be said there was an election of remedies barring a wife from seeking the aid of the Court of Chancery.

The rule laid down in *Roarke* v. *Roarke, supra,* has never been passed upon by this court. We conclude that it should not be followed.

The decree dismissing the bill of complaint is reversed and the matter remanded to the Court of Chancery.

*For affirmance*—PARKER, CASE, BODINE, RAFFERTY, JJ. 4.

*For reversal*—THE CHIEF-JUSTICE, DONGES, *HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, HAGUE, THOMPSON, JJ. 10.

* Concurs in result.