CATHERINE LASASSO, COMPLAINANT–RESPONDENT, v. MARTIN LASASSO, DEFENDANT–APPELLANT.

Argued November 15, 1948—Decided January 17, 1949.

━━━━━━━━━━━━━━━━━━━━━━━━

*Mr. Leslie S. Kohn* argued the cause for the defendant-appellant (*Mr. Frank G. Masini,* attorney).

*Mr. Seymour B. Jacobs* argued the cause for the complainant-respondent (*Mr. Fred Freeman,* attorney).

The opinion of the court was delivered by

BURLING, J.   This action was brought by the complainant to obtain a decree of separate maintenance in the former Court of Chancery.   The present appeal is from an interlocutory order made therein which provided that defendant pay the sum of $30.00 per week for the support of complainant and her infant children, ages 6 and 10 years respectively, together with counsel fees and suit money *pendente lite.*

Defendant resisted the order on the ground that there was already in existence a valid, subsisting order of the Essex County Juvenile and Domestic Relations Court made February 26, 1947 in a cause between the complainant and defendant. That order required the defendant to pay the sum of $30.00 per week for support of complainant and the two children of the marriage.   The dispositive question therefore is whether having first elected to pursue her remedy in the Juvenile and Domestic Relations Court, complainant may now abandon that forum and assert her right to support in Chancery.

While the strict rules of pleading require that in order to properly raise the defense, the defendant should have interposed a motion to strike the bill for want of equitable jurisdiction, an examination of the whole record including the notice and grounds of appeal discloses that the defendant did make his objections known to the Court of Chancery.   In view of the ·fact that he did present the issue to that Court and has raised the issue in this Court, we proceed to consider the case on the merits.

The principal reason advanced by the appellant in this Court is that the Juvenile and Domestic Relations Court has concurrent jurisdiction with the Court of Chancery and asserts the doctrine of *res adjudicata*.

The problem of the respective spheres of jurisdiction of the Court of Chancery and the Juvenile and Domestic Relations Court has been a troublesome one in this State. In *Roarke v. Roarke, 77 N. J. Eq.* 181 *(Ch.* 1910*)* Chancellor Walker held that an order for support obtained in the Juvenile and Domestic Relations Court by virtue of the Disorderly Persons Act, now *R. S.* 2:204–1 *&c.,* precluded a support and maintenance order in the Court of Chancery during the life of the order. The decision was based upon the premise that the two remedies were for one and the same thing, namely, support against a deserting husband who neglects and refuses to maintain his family and the complainant having proceeded to finality must be held to have elected to stand upon that remedy. However, in *Hiers v. Hiers, 132 N. J. Eq.* 610 *(E. & A.* 1943*)* the Court of Errors and Appeals disapproved the doctrine of *Roarke v. Roarke, supra,* and ordered a support petition to be adjudicated in the Court of Chancery. That opinion was predicated upon the assumption that, whereas the primary purpose of the proceeding in the Juvenile and Domestic Relations Court was to prevent the wife and children from becoming objects of public charge, the Court of Chancery considered the station in life of the parties and their scale of living, shaping its decree to conform to such standard and the ability of the husband to pay. The opinion further elaborated upon the more elastic and efficient means of enforcement of the order to be found in Chancery. The respondent contends that the *Hiers case* is applicable to the instant case and dispositive thereof.

In 1946 the Legislature enacted Chapter 77 of the *Laws of 1946* which statute amends and enlarges the Juvenile and Domestic Relations Act *(R. S.* 9:18–14*)*. Incorporated therein is the following language:

" * * * This Court, however, shall have concurrent jurisdiction with the Court of Chancery in matters of support and temporary cus-

tody of children as hereinafter set forth, and the procedure shall be in accordance with the rules and practice as established in this court.

"The Court shall also have jurisdiction to hear and determine in a summary manner disputes and complaints involving the domestic relation (where the gravamen of the complaint is the failure to provide support or adequate support, or desertion) *and may order the adequate support of the spouse, child, children or the entire family and shall have power to provide by appropriate order for their support and maintenance.*

"*Any person who fails to comply with the order of the court relative to the support of spouse, child, children, or the entire family, may be adjudged guilty of contempt.*" (Amendments in italics).

Previous to this amendment it had been considered that the term "adequate support" in the statute as it then existed imported support adequate to the aim of preventing a wife from becoming a public charge. *Warner v. Gloucester County &c.,* 131 *N. J. L.* 455, 456 *(Sup. Ct.* 1944); *Coffey v. Coffey,* 125 *N. J. L.* 205, 207 *(Sup. Ct.* 1940); whereas a similar term in Chancery would import a relationship between the parties. *Hiers v. Hiers, supra.*

Viewed in the light of the prior judicial interpretation of the question, we are of the opinion that the enactment of the statute supersedes the decision in *Hiers v. Hiers,* supra, insofar as it holds the jurisdiction of the two courts not to be concurrent within the sphere of the statute. Refer also to *Frank v. Juvenile & Domestic Relations Court of Essex County,* 137 *N. J. L.* 364 *(Sup. Ct.* 1948).

The principle of *res adjudicata,* however, does not bar relitigation where, after the rendition of the judgment, subsequent events or conditions occur, thus creating a new legal situation or altering the legal rights or relations of the parties. It is obvious that a judgment cannot be conclusive as to rights which were not in existence at the time of its rendition. *In re Hubert,* 98 *N. J. Eq.* 35, 37 *(Ch.* 1925) affirmed 99 *N. J. Eq.* 886 *(E. & A.* 1926), 30 *Am. Jur., Judgments, Sec.* 206, *p.* 943.

If, therefore, the allegations of the bill disclose new or different facts or circumstances such that the legal rights or relations of the parties differ from those adjudicated by the former forum, the bill discloses grounds for equitable jurisdiction and was properly retained.

█ A careful examination of the bill leads to the conclusion that it discloses such a material change in the circumstances of the parties as to call for its retention in the exercise of equitable jurisdiction. The facts in this regard are scantily pleaded but there are set forth allegations of present extremely poor health and of a substantial improvement in the husband's means. These matters could not have been adjudicated by the Juvenile and Domestic Relations Court as they were not in existence at that time.

█ Since the bill disclosed a cause of action properly cognizable by the Court of Chancery the sole remaining question pertains to the granting of *pendente lite* allowance of support and counsel fees. The allowance of pendente lite support and counsel fees in a matrimonial cause is within the sound discretion of the Court of Chancery and we cannot say that there was an abuse of this discretion in the instant case.

█ It has been advanced that the order of the Juvenile and Domestic Relations Court was limited by statute to one year's duration and was, therefore, no longer in effect at the time the instant case was brought. A statement to that effect is found in *Hiers v. Hiers, supra, at* 612. A careful examination of the record in that case and the opinion reveals that the order there attacked was bottomed primarily on the Disorderly Persons Act, *R. S.* 2:204–1 *&c.,* one section of which *(2:204–10)* contains a one year limitation on the life of the support order. While that limitation is, as was correctly pointed out in *Hiers v. Hiers, supra,* applicable to the Disorderly Persons Act and is incorporated by reference to orders made under the Poor Act *(R. S.* 44:1–149*),* it is not applicable to proceedings under *R. S.* 9:18–14.

The decree of the former Court of Chancery is affirmed.

*For affirmance:* Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For reversal:* None.