Angelo Frascone v. Commissioner.
Frascone v. Commissioner
Docket No. 19455.
United States Tax Court
1949 Tax Ct. Memo LEXIS 209; 8 T.C.M. (CCH) 377; T.C.M. (RIA) 49095; April 25, 1949
Samuel Freedman, Esq., Guarantee Trust Bldg., Atlantic City, N.J., for the petitioner. John E. Mahoney, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: The Commissioner determined deficiencies in petitioner's income tax for 1944 and 1945 in the respective amounts of $318.71 and $244.33. The deficiencies arose because of petitioner's deduction from gross income under the provisions of section 23 (u) of the Internal Revenue Code *210 of alleged payments to his wife, Mae Frascone, pursuant to an order for her maintenance and support made and entered by the Atlantic County Juvenile and Domestic Relations Court of New Jersey. The question presented is as to whether such an order is a sufficient basis under the Internal Revenue Code to authorize petitioner's deductions. There were other adjustments made by the respondent for the taxable year 1944 which are not contested by the petitioner. Findings of Fact Angelo Frascone resides at 15 1/2 South North Carolina Avenue, Atlantic City, New Jersey. His income tax returns for 1944 and 1945 were filed with the collector of internal revenue for the first district of New Jersey. Petitioner and his wife, Mae Frascone, were married on June 30, 1920, and they separated in 1942. Following the separation Mae Frascone filed a complaint in the Atlantic County Juvenile and Domestic Relations Court against Angelo Frascone and as a result of said complaint, on March 18, 1942, said Court made the following order: "MAE FRASCONE, having made a complaint herein against her husband, Angelo Frascone, and having made application to this Court to fix a sum to be paid to her for her maintenance *211 and support, and counsel for the respective parties consenting thereto, "IT IS, on this 18th day of March, nineteen hundred and forty-two, ORDERED that said Angelo Frascone pay to the Probation Officer of Atlantic County the sum of Eighteen ($18.00) Dollars on Friday of each and every week for the support and maintenance of his said wife until the further order of this Court in the premises." Petitioner and his wife are not divorced or separated as a result of any legal proceeding and have never brought any action or suit for divorce or separation of any kind against each other. The only court proceeding between petitioner and his wife is the one above referred to in the Juvenile and Domestic Relations Court. At the time of the order above set forth petitioner and his wife had no minor children, their only child being an adult married daughter who was not living with the petitioner. All payments made to petitioner's wife and claimed as deductions in his income tax returns were pursuant to the above mentioned order of the Juvenile and Domestic Relations Court and petitioner claimed deductions in the amount of $936 in each of the years 1944 and 1945. Opinion Section 22 (k), I.R.C. *212 [1] provides that a wife shall include in her taxable income all periodic payments received by her when "divorced or legally separated from her husband under a decree of divorce or of separate maintenance." Section 23 (u), I.R.C.[2] provides that the husband may deduct from his taxable income all payments which are includible in the wife's income under section 22 (k). *213 The purpose of these two sections, as disclosed by Ways and Means Committee Report No. 2333, p. 71; Senate Finance Committee Report No. 1631, p. 83; 77th Cong., 2d sess., was "in order to provide in certain cases a new income tax treatment for payments in the nature of or in lieu of alimony or an allowance for support as between divorced or legally separated spouses." Thus by clear wording of both section 22 (k) and the committee reports concerning that section, strong emphasis is placed upon the necessity of a legal separation of the taxpayer and his wife before the amounts paid may be excludible from the husband's income. The legality referred to in section 22 (k), I.R.C., of the separation can only mean a separation which has occurred under the sanction of some form of legal process. The separation may not necessarily imply a divorce but it must occur as a result of some proceeding in a court having jurisdiction to sanction or approved marital separations. Harold S. Smith v. Commissioner, 168 Fed. (2d) 446. In the case at bar we have been furnished with no statutory citation by which such jurisdiction was conferred upon the Atlantic County *214 Juvenile and Domestic Relations Court and it is to be noted that in the court order introduced in evidence that court has made no attempt to approve or even mention a legal separation or separate maintenance. That Court was interested only in compelling the taxpayer herein to pay to the probation officer of Atlantic County $18 a week for the support of his wife. The Chancery Court of New Jersey in Hiers v. Hiers, 132 N.J. Eq. 610, 29 Atl. (2d) 615, in 1943 set forth the limitations of the jurisdiction of the Juvenile and Domestic Relations Court. In this opinion it was stated that the primary purpose of said court was to prevent wives and children from becoming objects of public charge. The court had no jurisdiction to inquire into all of the many factors which a court of equity takes into consideration when making property settlements or decrees for alimony in divorce or alimony proceedings. In fact, from the record herein, even if the Juvenile and Domestic Relations Court had jurisdiction to approve a separation, there are no facts in the record to indicate that any of the statutory causes had occurred between Mae Frascone and Angelo Frascone which would justify *215 a legally approved divorce or separation. Section 2:50-3 of the Revised Statutes of New Jersey provides the causes for divorce from bed and board as (1) adultery; (2) willful, continued and obstinate desertion for the term of three years; and (3) extreme cruelty. At the time of the Court's order on March 18, 1942, under admitted facts herein the parties could not have been separated for more than 2 1/2 months and there is no evidence of adultery or extreme cruelty. Every essential legal proposition involved in this case has been decided by this Court in Frank J. Kalchthaler, 7 T.C. 625, except that the facts in that case were somewhat more favorable for the taxpayer than are the facts herein for the petitioner inasmuch as in that case the County Court of Allegheny County, Pa., had ordered that the payments were to be made "for the support and separate maintenance of his wife." The court in the case at bar made no effort to provide the payments for "separate maintenance." Petitioner herein attempts to distinguish the case at bar from the Kalchthaler case on the ground that the proceeding pertaining to the payments for support in that case partook of the nature of a criminal *216 proceeding, where as in the case at bar petitioner contends that the proceeding in the Court of Juvenile and Domestic Relations was of a civil nature. We have not been supplied with statutory citations to sustain such a distinotion even if this distinction should require a different conclusion than in the Kalchthaler case. The jurisdiction of the Juvenile and Domestic Relations Court as it existed during 1944 and 1945 and up to April 12, 1946, is set forth in section 9:18-14 of the New Jersey Statutes Annotated, the material portions of which read as follows: "The court shall also have jurisdiction to hear and determine disputes involving domestic relation or the welfare of children, jurisdiction over which is or may be vested by law in any court of this state except the court of chancery or the orphans' court. It shall have jurisdiction to hear and determine complaints for the violation of the following laws: subtitle 15 of the title Administration of Civil and Criminal Justice (Section 2:201-1 et seq.), chapter 1 of the title Poor (section 44:1-1 et seq.), * * *. "The court shall also have jurisdiction to hear and determine in a summary manner disputes and complaints involving *217 domestic relation where the gravamen of the complaint is the failure to provide support or adequate support, or desertion." Paragraph 1-147 of section 44, New Jersey Statutes Annotated, contains the following relevant material: "A husband * * * who shall willfully desert his wife * * *; or a husband who shall refuse or neglect to provide for and maintain a person so deserted or neglected shall be deemed a disorderly person and upon being so adjudged shall be committed to the workhouse or county jail * * *." The section of the New Jersey Statutes Annotated which sets forth the procedure controlling the court is section 9:18-21. The relevant portions of that section read as follows: "Proceedings before this Court shall be instituted by a complaint or petition * * * "Upon the filing of a complaint or petition, the court or judge thereof may forthwith * * * cause to be issued a capias summons, warrant or subpoena, * * *." From the above statutory provisions it is obvious that while the Juvenile and Domestic Relations Court did exercise civil jurisdiction, it also exercised a jurisdiction which, if not completely criminal, was of a decidedly criminal nature and the proceeding *218 involving the petitioner herein, which was initiated by a "complaint" and which provided that the payments should be made to the "probation officer" under a statute which authorized the judge to send a defaulting husband to the workhouse or county jail and issue a warrant for his apprehension, was certainly as much of a criminal nature as the records disclose to have been involved in the Kalchthaler case. Decision will be entered for the respondent. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * * ↩
2. SEC. 23. In computing net income there shall be allowed as deductions: * * *
(u) Alimony, Etc., Payments. - In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22 (k)↩ or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection.