55 N.J. Super. 548 (1959)
151 A.2d 222
M, PLAINTIFF-APPELLANT,
v.
F, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Camden County Court, Law Division.
Decided May 15, 1959.
*549 Mr. Alfred R. Pierce, argued the cause for the plaintiff-appellant.
Mr. Anthony M. Lario, argued the cause for the defendant-respondent.
MARTINO, J.C.C.
This suit concerns a bastardy proceeding. On December 3, 1958 the defendant was adjudged to be the reputed father of a bastard child by the Municipal Court of the City of Camden. Pursuant to that finding the magistrate ordered the reputed father to pay the sum of $7.50 per week for support. That complaint was filed under N.J.S.A. 9:17-2 through the office of the Director of Welfare. On January 4, 1959 the mother, the present plaintiff, filed another complaint against the defendant charging him with non-support of this illegitimate child under N.J.S.A. 9:16-2. The municipal magistrate, after a summary hearing, concluded that the defendant was not guilty of non-support and dismissed the complaint. The plaintiff appealed pursuant to N.J.S.A. 9:17-20, the remedy of appeal under this section being available by reason of N.J.S.A. 9:16-4 which makes remedies under sections 9:16-2 and 9:16-3 cumulative as to remedies under 9:17-1. Kopak v. Polzer, 4 N.J. 327 (1950).
Although the transcript of the municipal court docket indicates that the defendant was found not guilty, it is conceded by all parties that the complaint was actually dismissed by the municipal court because the judge concluded *550 that the proceeding under N.J.S.A. 9:16-2 was barred by the municipal court's findings under the complaint filed under N.J.S.A. 9:17-2, since the defendant was honoring the court order made therein and, therefore, the matter was res judicata.
The plaintiff appeals on the basis of Kopak v. Polzer, supra, in which case our Supreme Court permitted an action under N.J.S.A. 9:16-2 and 9:16-3 following an original complaint under N.J.S.A. 9:17-1 et seq. The court there held that the remedies under N.J.S.A. 9:16-2 and 9:16-3 were cumulative as to remedies under N.J.S.A. 9:17-1 et seq. See N.J.S.A. 9:16-4. However, the Kopak case is not apposite. In the Kopak case the order entered therein pursuant to N.J.S.A. 9:17-2 was extinguished by an agreement made between the parties thereto upon the payment of a lump sum for a release from support, and at the time the new action was instituted under N.J.S.A. 9:16-2 there was no order for support pending in the former matter.
In Leonard v. Werger, 21 N.J. 539 (1956), the court, in referring to Kopak, supra, held that "[Our highest] court rejected as without merit the contention of a reputed father that an order of filiation entered against him in a chapter 17 proceedings barred a subsequent proceeding by the mother under chapter 16 for adequate support." However, in the above case, as in the Kopak case, the court was not dealing with a respected order of filiation on the part of the reputed father.
Proceedings of this type are civil in nature. Borawick v. Barba, 7 N.J. 393 (1951). A judgment therein would be similar to any judgment at law. The doctrine of res judicata would seem to be applicable. The present plaintiff was the real party, though not the nominal party, to the proceeding originally instituted in this controversy and would, therefore, be bound by the court's ruling which is still in effect and being honored by the defendant.
Leconey v. Overseer, 43 N.J.L. 406 (Sup. Ct. 1881), intimated clearly that if a previous order existed and was *551 set up by proper proof, it would bar the making of a further order because it would have appeared that the precise point in controversy had, in a previous litigation between the same parties, been adjudicated and was still in effect.
It is undisputed that the defendant is honoring the order and to subject him to another suit would be harassing and vexatious. Testimony was taken at the de novo hearing of this appeal and the further fact was established that the plaintiff was receiving relief from the municipality in which she resided and that the municipality involved had shown no interest in the pending litigation.
This suit should be distinguished from those cases commencing with Roarke v. Roarke, 77 N.J. Eq. 181 (Ch. 1910), reversed by Hiers v. Hiers, 132 N.J. Eq. 610 (E. & A. 1942), and Lasasso v. Lasasso, 1 N.J. 324 (1949), which had their genesis from a complaint filed in the Juvenile and Domestic Relations Court and thereafter another action was started in the Chancery Court between the same parties. The Lasasso case held that these two actions were possible because the jurisdiction of these two courts was concurrent. N.J.S.A. 9:18-14.
Hall v. Centolanza, 28 N.J. Super. 391 (App. Div. 1953), cited by appellant, is not factually similar to the case under review.
The complaint made herein and the subject of this appeal is dismissed with prejudice.