THE STATE, SOPHIA HOFFMAN ET AL., PROSECUTORS, v. JOHN RODMAN ET AL., DEFENDANTS.

1. The best evidence of the existence of a public road or highway is the record of the return, &c., or a properly authenticated copy of it. And until the absence of such evidence has been satisfactorily accounted for, no other, of inferior degree, will be permitted to supply its place.

2. The general meaning of that part of the road act which requires the surveyors to make " return, &c., and reference to the most remarkable places," is, that they are to refer to such places and objects along and near the line of the road, on either side, as may seem to them most likely to be useful as monuments by which the true location of the road may, at any future time, be determined.

3. The judgment of the surveyors upon these points, if fairly exercised, will not be reviewed in this court.

On *certiorari* bringing up proceedings touching the laying out of a public road in the township of Bedminster, in the county of Somerset.

Argued at November Term, 1876, before Justice WOOD-HULL.

For the prosecutors, *G. D. W. Vroom.*

For the defendants, *Henry C. Pitney.*

The opinion of the court was delivered by

WOODHULL, J.   The first reason assigned for setting aside these proceedings is, that the fourth course of the road in question—about eight chains in length—is laid over and coincides with a like extent of another road which had previously been laid out and opened, and was then in use as a lawful public highway.

The only evidence in support of the allegation upon which this reason is founded, is the testimony of two witnesses, one of whom says:  " I know the location of the road laid out on the application of John Rodman and others; a part of that road runs over a road previously laid ; I have seen the return and map of the road ; course No. 4, over lands of Elias Philhower, runs over an old road ; the old road had been opened two or three years ago, and worked by the township ; there is a county bridge on this same piece that was laid out two or three years ago."   And being cross-examined, he says:   " I only know the number on the map of the course that I say runs over another road ; I never saw the survey or return of this old road ; I was there when it was run ; this little piece is not connected with either the beginning or ending point of the new road ; it is right in the middle; the new road could have been laid between the beginning and ending points, without going on the old road, and run over lands of the same parties as it now runs over."

In regard to the same matter, the second witness testifies as follows:   " I am familiar with the road laid out, &c.; a part of that road—the fourth course—runs over a road previously laid ; it is designated on the map as running over lands of Elias Philhower ; the old road over which this runs in part, had been previously opened and worked ; it was open at the time this road was laid, and still is open."

Both of these witnesses are opponents of the proposed road, the second being one of the prosecutors in this case.

The point they were aiming at was to show that where the surveyors laid their fourth course, there was already a regularly laid out public road, covering precisely the same ground. Their testimony upon this point amounts only to the naked statement that the course referred to runs over a road laid out two or three years ago, and opened and worked by the township. If they had actual knowledge of the facts here alleged, they must necessarily have known something of their attending circumstances, and of the persons by whose acts they were brought about. The time when the alleged road was laid out, the name of some one who applied for or opposed it, the names of the surveyors, or some of them, who were engaged in laying it, their place of meeting, where the road began and ended, by whom and when it was opened and worked for the township—some, at least, of these attending facts the witnesses must have known if they had any actual personal knowledge of the matters about which they testify. The fact that these witnesses, under the circumstances in which they were placed as opponents of the proposed road, having failed to mention a single incident or name connected either with the laying or the opening of the alleged old road, suggests, and I think justifies, the inference that they probably knew nothing at all about these matters, beyond what they had heard or understood from others.

Regarded, then, merely as proof of the laying out of the alleged road by surveyors, and of its having been opened, &c., this testimony is essentially weak and unsatisfactory.

But the fullest proof of these facts, without going further, would not warrant the conclusion that the road was a lawful public road or highway. The surveyors appointed to lay out a public road, having completed their return, are required to deliver it to some of the applicants, who are to deliver or transmit it to the clerk of the Court of Common Pleas of the county, who is required to record it, together with a map or draught of the road, in a book to be kept for that purpose,

and every such road so laid out and recorded, the act declares shall be a lawful highway from the time appointed for opening the same.

The burden of establishing the ground of their objection is upon the prosecutors. This cannot be done except by proof that the return, &c., was recorded as the act requires. The best evidence of this essential fact is the record itself or a properly authenticated copy of it; and until the absence of this evidence has been satisfactorily accounted for, no other, of inferior degree, will be permitted to supply its place. Why the best evidence of the existence of the alleged road has not been produced in this case, remains entirely unexplained.

Ⱶ The ground of the first reason is not satisfactorily proved : 1. Because the evidence in support of it is too vague and uncircumstantial to be reliable; and, 2. Because, presumably, it is not the best evidence that might have been produced.

This conclusion having been reached on the evidence, it is unnecessary to decide whether one public road may lawfully be so laid, with respect to another, that a course or stretch of seven or eight chains in length shall be common to both.

It is further objected on the part of the prosecutors, that of five public roads intersecting the road in question, two only are referred to in the return, and none of them on the map.

It is strongly insisted that such omission is a fatal violation of that clause of the road act (*Rev., p.* 721, § 5,) which requires the surveyors to make "return, &c., and *reference to the most remarkable places.*"

The precise meaning of this clause does not appear to have been judicially determined.

In the matter of public road in the counties of Middlesex and Monmouth, Mr. Justice Southard, referring to it, says : "The object of the provision was to designate such places as would ascertain and fix the course and direction of the road." 1 *South.* *290.

The objection there was, that township and county lines crossed by the road, were not referred to on the map ; and

this was held to be unnecessary, mainly because such reference could, in no degree, promote the object of the clause in question.

The general meaning of this part of the act, as indicated in the case just cited, is, that the surveyors are to refer to such places and objects along and near the line of the road, on either side, as may seem to them most likely to be useful as monuments by which the true location of the road may, at any future time, be determined. They are plainly not required to refer to *all* places near the line of the road, nor all the *remarkable* places, but only to the *most remarkable*—language plainly implying comparison, discrimination and selection. If, at a given point, there should happen to be several remarkable places or objects, it would be for the surveyors to decide whether all of them, or, if not *all*, then how many and which of them, ought, under the circumstances, to be referred to. And their judgment upon these points, if fairly exercised, will not, I think, in any case, be reviewed in this court.

The surveyors certify that they have returned " a map and draft of said road, with the courses and distances and reference to the most remarkable places." For the purpose of fixing the location of the road, which is not quite three-fourths of a mile in length, they refer to a Dutch church near the end of the first course, on the westerly side; to a dwelling-house on the easterly side, near the beginning of the third course, and to another near the end of that course, on the westerly side; to a stream of water crossed by the road at the beginning of the fourth course, and to two dwelling-houses on the westerly side—one near the beginning and the other near the end of that course ; and as to the fifth and last course, to a Methodist church, on one side, near the beginning; and on the opposite side, near the ending, to a cemetery.

The places thus referred to must be deemed to be, in the judgment of the surveyors, the most remarkable places along the line of the road, and sufficient to fix its location.

I find nothing in the case to indicate that their judgment

has not been fairly exercised. My conclusion, therefore, is, that the second objection is not sustained.

Some other objections were taken to these proceedings, but the two already considered were chiefly relied on by the prosecutors.

Not finding in any of them sufficient ground for reversal, my opinion is, that the order, &c., for recording the return, &c., in this case, should be affirmed, with costs.