SALVATORE PLUCHINO, PROSECUTOR, v. SANTO PICCOLO, BY HIS NEXT FRIEND AND GUARDIAN, MICHAEL PICCOLO, RESPONDENT.

Submitted May 12, 1934—Decided December 27, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Edwin Joseph O'Brien.*

For the respondent, *N. Louis Paladeau, Jr.*

The opinion of the court was delivered by

HEHER, J.   The infant petitioner was a grandchild of Santo Piccolo, who was killed on November 24th, 1931, while in the employ of prosecutor, Pluchino.   Asserting dependency within the purview of the Workmen's Compensation act, the infant, by his next friend, filed a petition for compensation.   It is claimed that the deceased contributed from $6 to $8 per week for the support and maintenance of the infant, and that the requisite dependency therefore existed.   This was denied by respondent's answer, and, after

hearing, the referee concluded that "claimant was not supported either wholly or partly by the decedent within the meaning of the" Compensation act, and dismissed the petition. The Hudson County Court of Common Pleas, on appeal, found that the petitioner was "partially dependent" upon the deceased, at the time of his death, and awarded compensation at the rate of $2.10 per week from November 25th, 1931, to December 26th, 1936. This *certiorari* brings up that judgment.

We are of opinion that the finding of dependency is not supported by the proofs. The infant's mother was the only witness. In 1926, some five years before the death of decedent, the marriage between her and the infant's father was dissolved by a decree of divorce. She was given custody of the child. The decree directed the infant's father to pay $6 per week for his support and maintenance. The infant was then six years of age. When the separation occurred, she and the boy took up their residence with her father. The latter, so she testified, supported the infant for a time. The infant's father, it would seem, supported him for a year after the decree of divorce was entered. In this connection, the witness testified: "At the time I divorced my husband he was supporting the boy about a year, my husband, and it was very hard for me to get him *more money.*" She therefore appealed to the deceased, and he, she maintains, "promised me so long as he makes any money he will pay $6 a week; he will give it to his son to give it to the boy." Subsequently, decedent informed her that "he was paying this money." While the witness insisted that decedent's promise had been redeemed, she admitted an utter lack of testimonial knowledge of the fact. It was a mere opinion based entirely upon decedent's statement to her that he was "paying this money." She admits further that none of these payments was made direct to her, or to the infant, by the deceased. The latter furnished clothes and toys for his infant grandson, and on occasions gave her money to purchase clothing for the child. It is significant that these gifts were made direct to her when he called to see the boy, and that on none of the visits did he turn over the weekly support money.

The failure to call the infant's father as a witness is not excused. The testimony is confusing as to whether he is living or dead. The infant's next friend and guardian bears his father's name; yet the mother testified that he is deceased. However, questions propounded by the deputy commissioner and the infant's counsel seem to be predicated on the assumption that he is still living. If so, he should have been called as a witness. His would have been competent evidence, for it could be subjected to the test of cross-examination under oath. In such a situation, there would be no necessity for receiving the testimony in question. It would not be the only obtainable evidence. It is a fundamental principle of the law of evidence that the best evidence that the circumstances of the case will permit must be given. But assuming that his testimony is not available, by reason of death or otherwise, the judgment cannot be sustained. It is admitted that the infant's father supported his wife and child before the separation occurred, and while the evidence is not clear that he continued to support his son until the decree of divorce was entered, it is conceded that he made weekly payments for the support of the child for at least a year before the mother appealed to the grandfather for aid. It is to be presumed that the payments made by the father, for the support and maintenance of his child, were his own, inspired by filial love and duty, and that he was not a mere conduit for the delivery of donations made by his father to discharge the duty that was his. This presumption continues until overcome by satisfactory evidence.

As pointed out, the testimony by the mother, that the infant's grandfather told her he was the source of the support payments made by the child's father, is essentially hearsay. But, assuming its competency, as within one of the exceptions to the rule excluding such evidence as untrustworthy, it is to be cautiously weighed. Testimony as to oral statements of deceased persons is weak in character, and must, of necessity, be subjected to the closest scrutiny. 22 *C. J.* 291. "Courts of justice lend a very unwilling ear to statements of what dead men had said." *Lea* v. *Polk County*

*Copper Co.,* 62 *U. S.* 493; 16 *L. Ed.* 203. Assuming that the testimony of the infant's father is not now available, we incline to the view that the evidence in question has no degree of trustworthiness. The alleged statement of decedent does not possess the probative force and effect essential to raise an inference that the fact is as stated. We regard it as entirely insufficient to support the essential finding of actual dependency. Such being the case, the judgment finds no support in the evidence. The petitioner has failed to sustain the burden of proof.

Judgment reversed, and cause remanded for further proceedings in conformity with this opinion.