The notice of appeal in this case was signed by J. Bernard Rogovoy as attorney for the Welfare Director of Salem. But the Director makes affidavit that he is satisfied with the judgment of the court below and did not authorize Mr. Rogovoy to appeal or to appear for him at all in the cause. The appeal will therefore be dismissed with costs, which Mr. Rogovoy must pay and not leave them to be borne by the Welfare Director. The suit was a bastardy action prosecuted pursuant to R.S. 9:17-1 et seq., and removed by appeal to the county court, where a verdict was directed for the putative father. Mr. Rogovoy's client is the mother, who felt that the action of the county court was erroneous and that she was thereby aggrieved. Her attorney conceived that the Welfare Director was only a nominal party and that the mother had the right to use the Welfare Director's name as appellant, even without his consent. In this he was mistaken, for it is settled law that the object of a proceeding under Chapter 17 of Title 9 is to protect the municipality from the expense of maintaining the child. Kaufman v. Smathers,111 N.J.L. 52 (E. A. 1933). If the mother seeks support for the infant, she must sue under R.S. 9:16-3. A recent example of such a proceeding is Kopack v. Polzer, 5 N.J. Super. 114
(App. Div. 1949).