15 N.J. Super. 541 (1951)
83 A.2d 652
ARTHUR E. FURLONG, PLAINTIFF,
v.
BOARD OF COMMISSIONERS OF THE TOWN OF NUTLEY, A MUNICIPAL CORPORATION, AND FLORENCE E. RUTAN, TOWN CLERK, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 3, 1951.
*543 Messrs. Donohue & Donohue (Mr. Joseph F. Donohue appearing), attorneys for plaintiff.
Mr. William F. Gorman, attorney for defendants.
COLIE, J.S.C.
The plaintiff filed a complaint setting up that he is an elector of the Town of Nutley, that on August 27, 1951, he presented to the town clerk a petition addressed to the board of commissioners calling upon it to adopt the ordinance embodied therein or submit the question of its adoption to the electors of the town at the next general municipal election, or if a general election is not held within 90 days, then at a special election to be called in the manner prescribed by law. The petition was signed by more than 15 per cent of the votes cast at the previous general election and was verified in accordance with the requirement of R.S. 40:74-11, and on September 10, 1951, certified by the town clerk to the board of commissioners as meeting the conditions prescribed by R.S. 40:74-12. The board of commissioners on the same date, by unanimous resolution, declined to pass the proposed ordinance or to submit it to the electors. The complaint demands that the question be put to a referendum at a general or special election.
The defendants' answer admits all of the allegations of the complaint and sets up four separate defenses: (1) that the petition under R.S. 40:74-9 et seq. is illegal, (2) that the board of commissioners, acting under R.S. 40:46-27 and 28 "deemed it advisable to fix the salaries of the members of the police and fire departments * * * by a referendum * * * passed an ordinance * * * fixing such salaries, * * * (and that) at a general election held on November 8, 1949 *544 * * * a majority * * * voted `Yes' and such salaries * * * have been paid * * * and the board of commissioners is without power and authority to pass said proposed ordinance or to submit said ordinance to the voters * * *." The two additional defenses merely restate the second defense quoted in the abbreviated form above.
At the argument on the motions, counsel agreed that the statement of the question for decision in plaintiff's brief was accurate and fair. It reads: "It is not disputed that the salaries of firemen and policemen were fixed by referendum held on November 8, 1949, and that such salaries are still effective. The question is whether the action of the voters fixing such salaries by referendum precludes the petitioner from filing this petition and justifies the board of commissioners in rejecting it." The court deems that the question is more accurately stated by the portion of the above quotation italicized by the court.
The statute under which the plaintiff proceeded is R.S. 40:74-9: "Any proposed ordinance may be submitted to the board of commissioners by petition of the electors, in the manner hereinafter in this article provided." The following sections, 10 through 13, set forth the procedure to be followed. R.S. 40:74-14 prescribes the duty of the board when the petition conforms to the statutory requirements, which were admittedly met. It reads:
"* * * the board shall either:
a. Pass the ordinance without alteration within twenty days after attachment of the clerk's certificate to the accompanying petition; or
b. Forthwith, after the clerk shall attach to the petition accompanying such ordinance his certificate of sufficiency, call a special election, unless a general municipal election is to be held within ninety days thereafter, and at such special or general municipal election such ordinance shall be submitted without alteration to the vote of the electors of the municipality."
The concluding paragraph deals with a petition "signed by not less than ten nor more than fifteen per cent of the electors" and is inapplicable since the petition here involved was concededly signed by more than 15 per cent.
*545 The kernel of the defendants' second separate defense is grounded upon R.S. 40:46-27, the pertinent part of which provides:
"When the governing body of any municipality shall be required by petition, or shall deem it advisable to fix the salaries * * * paid in any municipal department, in cases where, under the provisions of this or any other law, it is necessary to have a referendum vote thereon, such governing body shall pass an ordinance definitely fixing such * * * salaries, with the date when the same shall commence.

* * * * * * * *
If a majority of the legal voters of the municipality * * * shall vote `Yes,' the * * * salaries * * * shall be paid * * * until again changed by referendum vote. If a majority * * * shall vote `No,' such * * * salaries shall continue as theretofore. The * * * salaries to be paid * * * in any department shall not be voted upon more than once in three years."
The plaintiff urged in his brief and argued that the right to present "any ordinance" under the so-called initiative power is preserved to the people by virtue of R.S. 40:74-9 et seq., that this right is unlimited, as evidenced by the language of the act, that the statute upon which plaintiff predicates his cause of action has not been expressly repealed; that an implied repeal is not to be presumed in the absence of irreconcilable inconsistency and repugnancy between it and R.S. 40:46-27; that in the absence of an express limitation upon the right of the electors to submit a petition calling for passage of, or a referendum on, an ordinance dealing with a lawful subject, none may be implied. Furthermore, it is said that there is no conflict between the two provisions involved herein. It is said that R.S. 40:74-9 bestows a general power, that R.S. 40:46-27 and 28 bestows power limited only to the fixing of salaries; a further difference is that the former statute requires but 15 per cent of the electors, whereas the latter requires 20 per cent. Plaintiff then makes the point that the power granted in R.S. 40:46-27 is limited to "cases where, under the provisions of this or any other law, it is necessary to have a referendum vote thereon" and argues that under R.S. 40:46-27 and 28 it is not "necessary *546 to have a referendum," and that the same is true of R.S. 40:74-14 since the express power is given the board to "a. Pass the ordinance without alteration, etc.," and that since the governing body may itself pass the ordinance without alteration it may not be "necessary to have a referendum."
The defendants point out that the statute upon which plaintiff bases his action is one dealing with ordinances generally, whereas R.S. 40:46-27 deals specifically with the fixing of salaries, and relies upon the well-established rule that "when the legislature frames a new and general rule covering an entire subject-matter all earlier and different rules touching the same matter are to be discarded in favor of such later rule." Eldridge v. Phila. & Reading R.R. Co., 83 N.J.L. 463 (E. & A. 1912).
The quoted rule has no application because R.S. 40:46-27 is not a new and general rule covering an entire subject matter. It is well settled that where two statutes deal with the same subject matter, they are to be construed so as to give effect to the provisions of each and to leave no clause of either inoperative. Crater v. County of Somerset, 123 N.J.L. 407 (E. & A. 1939). R.S. 40:74-9 et seq. was reenacted and made a part of the revision of 1937. It is a general statute dealing with the right of electors to initiate any proposed ordinance. This power includes an ordinance dealing with salaries. R.S. 40:46-27 also was reenacted and became a part of the revision of 1937, and thereafter was amended by chapter 144 of the Laws of 1941. It does not deal with the subject of ordinances in general but solely with the right of a referendum on municipal salaries. There is no language in R.S. 40:46-27 expressly repealing R.S. 40:74-9 et seq., nor can it be said that there is an implied repealer. Both statutes are in force and effect.
The view that this court takes is that the voters or electors of the Town of Nutley could have, at the time when the matter of the salaries of the fire and police departments were voted upon in 1949, proceeded under either statute. The proof before the court on these motions stands undisputed *547 that the 1949 election was held under R.S. 40:46-27. When the electors or voters proceeded under that statute, as they had a right to do, they accepted any limitation in the statute, among which is the provision that "* * * salaries * * * in any department shall not be voted upon more than once in three years." Had the referendum in 1949 been held under the authority of R.S. 40:74-9 et seq., no such limitation would have stood in the way of the action sought by the petition filed in this case by the plaintiff. There is no conflict between the statutes with which we are here dealing. The Legislature has set up two methods of fixing municipal salaries and upon one of those methods has engrafted a limitation as to the frequency with which it may be used, a limitation which has not been placed upon the other method set up in R.S. 40:74-9 et seq.
The motion of the plaintiff for summary judgment is denied and the motion for summary judgment for the defendants is granted.