23 N.J. Super. 126 (1952)
92 A.2d 637
WYNNE GOLDSTEIN, PLAINTIFF-RESPONDENT,
v.
PENNSYLVANIA GREYHOUND LINES, INC., A DELAWARE CORPORATION, AND LOUIS EVERETT MILLER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1952.
Decided November 20, 1952.
*127 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Jacob E. Max argued the cause for plaintiff-respondent.
Mr. Augustus C. Studer, Jr., argued the cause for defendants-appellants (Messrs. McCarter, English & Studer, attorneys).
The opinion of the court was delivered by FRANCIS, J.C.C. (temporarily assigned).
This is an automobile negligence case in which a substantial verdict was rendered by the jury against Pennsylvania Greyhound Lines, Inc., its driver, Louis Everett Miller, and Irving Rosenthal. The bus company and its driver have appealed.
A single ground of appeal is presented. Did the Law Division of this court err in permitting respondent to read the deposition of a witness, Robert G. White?
*128 It is undisputed that White was a resident of the State of New York when his testimony was taken and at the time of the trial. Plaintiff was desirous of procuring his deposition for trial purposes and it was done by written stipulation of the parties. This stipulation recites:
"It is hereby stipulated and agreed by and between counsel for the respective parties, that the oral depositions of Robert White, a resident of New York, a material witness, be taken" etc. * * * "said depositions to be used as evidence in the above-entitled cause."
White and a young lady who afterwards became his wife were in one of a number of vehicles that were involved in the accident in question. He was connected with the United States Army as a screen writer and apparently was subject to call which would take him away from New York.
The trial, which began on March 10, 1952, lasted eight days. On the first day Mrs. White was in court at the instance of the respondent and in the afternoon of March 11 she was called as a witness. On this day it is undisputed that her husband was in court with her. A colloquy between court and counsel two days later indicates that she was not well and that White accompanied her from New York for that reason. Counsel for respondent concedes that he learned of the presence of White some time after the noon recess of March 11. Appellants' counsel was likewise aware then that he was with Mrs. White. However, he was not called to testify and neither party brought his appearance to the attention of the court. Mrs. White was the last witness of the day and at the conclusion of her examination a recess was taken until the following morning.
White never returned and it is admitted that he was in New York when his deposition was offered for reading two days later. When this action was undertaken appellants objected on the ground that White's appearance in court made it obligatory on counsel to call him as a witness or to serve a subpoena on him to secure his attendance the next day. It was urged that the presence in court to counsel's knowledge removed any right to use the deposition under *129 Rules 3:26-4 and 3:29. However, the objection was overruled and the reading proceeded.
On March 18 appellants moved to strike the deposition from the record and the matter was extensively argued. It appeared during the course of the discussion that a suggestion of the court to respondent's counsel that he communicate with White in New York and endeavor to persuade him to return to New Jersey, had been complied with. The effort met with a refusal to do so. The deposition was then allowed to stand.
The rules, to which reference has been made and on which appellants rely, provide as follows:
"3:29.
If the parties so stipulate in writing, depositions may be taken at any time or place, upon any notice, in any manner and before any person authorized under Rule 3:28 to take a deposition at the place designated, and when so taken may be used like other depositions."
"3:26-4.
At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used in accordance with any one of the following provisions: * * * (c) The deposition of a witness, whether or not a party, may be used by any party for any purpose against any other party who was present or represented at the taking of the deposition or who had due notice thereof, provided the court finds: * * * (2) that the witness is out of the state, unless it appears that the absence of a witness was procured by the party offering the deposition; * * *, or (4) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; * * *."
Appellants contend that whenever a written stipulation is entered into under Rule 3:29, the use of the deposition at the trial is and remains subject to the requirements of Rule 3:26-4(c). Generally this is true. However, the parties by their stipulation may waive the conditions imposed by Rule 3:26-4(c) and thus make unnecessary a finding by the court of the existence of one of them as a prerequisite to the reading of the testimony at the trial. 26 C.J.S., Depositions, § 92 (e), pages 933, 934. Whether such a *130 waiver was made or not depends upon the language of the writing. Obviously a stipulation which merely recites an agreement to take the testimony of a witness at a certain time and place would leave employment of the deposition dependent upon the finding required by Rule 3:26-4(c). The compact of the parties here went further; it agreed that White's testimony be taken at a fixed time and place, "said deposition to be used as evidence" in the cause. Use of this language eliminates the need for formal proof of the facts ordinarily required to be shown in order to bring the deposition within one of the five conditions precedent to its use prescribed by the rule.
A deposition is secondary evidence. Its use is subject to the contingency that the witness is not available to testify, and generally his presence at the trial bars the use. 16 Am. Jur., Depositions, sec. 124, p. 752; 26 C.J.S., Depositions, § 92, pages 933, 934. While the parties by stipulation may agree to the reading even if the witness appears or is available, such a departure from the accepted procedure should be sanctioned only where the intention of the parties to do so is plain. Here the intention to go beyond the waiver of the formal proof to which we have alluded cannot be found. It follows therefore that presence of White at the crucial time of the trial, as we define that time for purposes of this case, would preclude its use.
It is apparent from the language of Rule 3:26-4(c) that the admissibility of a deposition depends generally upon the condition which exists at the time it is offered.
In the present case, at the time of the offer it is unquestioned that White was not in court. No suggestion is made by anyone that his absence was procured by respondent. In fact, the remarks of the trial judge demonstrate a finding by him to the contrary. And the record, as well as the briefs on the appeal, contain appellants' concession that he was a non-resident and not subject to New Jersey process. Under the circumstances presented, it was not error to receive the testimony.
*131 It is argued that the court did not make any specific finding that White was out of the state or that respondent was unable to procure his attendance by subpoena. But in view of the concession of non-residence and absence from the State when the testimony was read such a finding obviously was not necessary. Further, during the somewhat lengthy discussion about the problem the court said there was no necessity for putting witnesses on the stand to prove the facts because "Whatever each counsel has said about the facts, I think, is undenied." No objection was interposed to this statement and no request for formal proof was made.
Basically the issue for determination is whether the use of the deposition was barred because White voluntarily appeared in court with his wife two days before it was offered. The notion seems to be that when his presence became known, respondent's attorney should have laid aside his contemplated order of proof at the trial, and called him to the witness stand immediately. Or, as an alternative, he should have made arrangements for the service of a subpoena to assure White's continued presence in court. Here it must be kept in mind that Mrs. White was ill and that this fortuitous circumstance motivated her husband's action in accompanying her. She was the last witness of the day and, if not called, she might have left New Jersey and declined to return the next day. It is true that careful consideration might have prompted the service of a subpoena on White, but perfection in tactics is not always an incident of a long and important trial.
The trial court found that everyone concerned had acted in good faith in the matter and that the course of justice required the admission of the deposition. Under the circumstances presented and particularly the agreed fact that White was out of the State, the matter was brought within the contemplation of section (2) of Rule 3:26-4(c), and justified the trial court in the course he pursued.
Accordingly the judgment is affirmed.