83 N.J. Super. 426 (1964)
200 A.2d 338
DOMINIC CARAMICO, AN INFANT, BY HIS GUARDIAN AD LITEM, ETHEL CARAMICO, ETC., ET AL., PLAINTIFFS-APPELLANTS,
v.
VINCENZO FERRIGNO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1964.
Decided May 4, 1964.
Before Judges GAULKIN, FOLEY and LEWIS.
*427 Mr. John Selawsky argued the cause for appellants (Messrs. Marcus & Levy, attorneys).
Mr. Wood M. DeYoe argued the cause for respondent (Messrs. Stalter, Doan & DeYoe, attorneys; Mr. Aaron Dines on the brief).
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiffs appeal from a judgment for defendant entered upon a jury verdict of no cause of action.
The action was brought by Ethel Caramico as guardian ad litem of her son Dominic, 3 1/2 years of age, to recover damages for personal injuries sustained by the child when he was struck by an automobile owned and operated by the defendant. The mother sued per quod.
A brief recital of plaintiff's evidence will suffice to bring in focus the points raised on the appeal. Mrs. Caramico testified that on December 15, 1959 she and her three children were crossing 4th Avenue at its intersection with 15th Street in Paterson, New Jersey. They were on a crosswalk. Mrs. Caramico was pushing a baby stroller containing her younger son. Her daughter, 4 1/2, was holding the side of the stroller. Dominic was walking behind his mother. Mrs. Caramico testified that before crossing she looked in all directions and did not see any automobiles approaching. She said that when she reached the middle of 4th Avenue she turned around to make certain that Dominic was still behind her. As she did, defendant's car "came around the corner" and struck Dominic. A screech of brakes preceded the impact.
Defendant's case consisted of his own deposition and the deposition of John Barrone, a passenger in his car. Both depositions had been taken by plaintiffs. They were read to the jury in their entirety over the objection of plaintiffs' attorney.
The main point raised is a reiteration of the challenge to the admissibility of these depositions. Specifically, plaintiffs argue that "[d]efendants' counsel failed to lay sufficient foundation *428 for the reading in evidence of the deposition of the defendant and the witness, Joseph Barone [sic]."
The pertinent rule, R.R. 4:16-4(c), reads as follows:
"The deposition of a witness, whether or not a party, may be used by any party for any purpose against any other party who was present or represented at the taking of the deposition or who had due notice thereof, provided the court finds: (1) that the witness is dead; or (2) that the witness is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; or (3) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or (4) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (5) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." (Italics ours)
At the conclusion of plaintiffs' case defendant's attorney stated to the court that he would like to read the deposition of Barrone which had been taken on May 18, 1962 (the dates of trial were May 6 and 7, 1963), since Barrone was not in court. In reply to the judge's question as to what representation was made of why Barrone was not in court, the attorney stated:
"The representation is that I have a message from an investigator given to me by the clerk of the Court stating that he cannot find Mr. Barrone and serve him with a subpoena. That is the message."
We direct our attention to the sufficiency of the foundation for admitting the Barrone deposition upon the ground "that the party offering the deposition has been unable to procure the attendance of the witness by subpoena." R.R. 4:16-4(c) (4)
Upon the oral argument it developed that no effort was made to contact him or to serve him with a subpoena until the day prior to trial, even though Barrone had continuously resided at 114 Butler Street in Paterson. The sufficiency of the attorney's representation to the trial court, based, incidentally, *429 upon the doubly hearsay statement of what the clerk of the court told the attorney that the investigator had told him, must be considered in the light of these circumstances.
The evident purpose of R.R. 4:16-4(c) is to permit, as a substitute for the oral testimony of a witness or a party, his deposition previously taken, in order to prevent a manifest denial of justice. But the fact that the rule makers spelled out with particularity the circumstances under which this might be done makes it equally apparent that the relief granted by the rule was not intended to be without limitation. We think it plain that there inheres in R.R. 4:16-4(c) (4), supra, the idea that the party offering the deposition has been unable to procure the attendance of the witness by subpoena despite the exercise of reasonable diligence to effect service.
In our judgment, the last minute effort to serve Barrone fell far short of meeting this standard. We hold, therefore, that the foundation upon which Barrone's deposition was offered was inadequate and that the court erred in admitting it in evidence. Without going into detail, it is clear that the error was damaging to plaintiffs since Barrone deposed that the child ran by his mother and into the path of defendant's automobile.
At the oral argument defendant's attorney stated that Ferrigno now resides in California. Counsel for plaintiffs concedes that if this be the fact at the time of retrial, Ferrigno's deposition will be admissible.
Since the case must be remanded for a new trial, it becomes unnecessary for us to discuss plaintiffs' remaining grounds of appeal. However, we have examined them and find them to be without merit.
Reversed.