BONNIE JEAN AMES, PLAINTIFF, v.
WILLIAM BARRY AMES, DEFENDANT.

Juvenile and Domestic Relations Court
Bergen County

Decided October 29, 1965.

268

*Mr. Jerome Liebowitz* for the plaintiff.

*Mr. R. M. James Ruscick* for the defendant.

FLANAGAN, J. J. & D. R. C. Defendant's motion poses the question of whether a party to a marital support suit under *N. J. S.* 2A:4–18(e) is entitled as of right in the Juvenile and Domestic Relations Court to take the opposing party's pretrial deposition pursuant to *R. R.* 4:16. Plaintiff wife filed her complaint on July 1, 1965; it was first set down for hearing on September 21, 1965, but was adjourned at defendant's request; it is currently scheduled for trial on November 16, 1965.

*N. J. S.* 2A:4–18(e) reads as follows:

"The juvenile and domestic relations court shall also have jurisdiction concurrently with such other courts as may have jurisdiction over the matter, to hear and determine in a summary manner disputes and complaints: * * *

(e) Involving the domestic relation, where a husband or father deserts his wife or child even though they continue to live in the same household, in which case the court may order adequate support of his wife, child or family."

Plaintiff in her complaint seeks support for herself and the three children of the marriage, aged four, three and one. The complaint alleges that plaintiff and defendant live at the same address.

On October 22, 1965 defendant husband moved for an order permitting the taking of his wife's deposition. The motion was opposed and was argued on October 29, 1965, its return day. Defendant's application was unaccompanied by any proof or offer of proof disclosing the necessity for taking plaintiff's deposition. Defendant, instead, took the flat position that as a matter of law he was unconditionally entitled to take her deposition, with or without good cause or any cause, arguing that *R. R.* 4:16, which permits depositions in Superior Court proceedings, is equally applicable to support suits here.

█ Aside from one statutory exception contained in the Interstate Reciprocal Enforcement of Family Support Act, *N. J. S.* 2A:4–30.1 to 30.23, which will be mentioned again later herein, this court has no power to order or authorize depositions in a suit under *N. J. S.* 2A:4–18, and even if it did, defendant wholly failed—in fact, he did not even try—to make out a case for its exercise. *R. R.* 4:16 allows one party to take the deposition of another, upon notice, without leave of court. *R. R.* 4:1–1 provides that *Part* IV of the *Rules Governing the New Jersey Courts* shall govern the practice and procedure in the Superior Court in all civil actions. *R. R.* 4:16 is itself contained in *Part* IV. Omnibus *R. R.* 5:2–1 makes *Part* IV generally applicable, with certain exceptions not here material, to County Courts, but not to probate matters therein. *R. R.* 5:3–7 makes *Part* IV generally applicable to probate actions in the County Court and, as well, it specifically fastens on *R. R.* 4:16 and makes it applicable to such actions. *R. R.* 7:6–5 authorizes depositions in accordance with *R. R.* 4:16 in civil suits in the county district court and the municipal court, but only upon leave of court, and even then only in the specific, narrow instances described therein. *R. R.* 8:4–8 allows depositions in criminal cases in municipal courts and county district courts..

█ Turning now to the Juvenile and Domestic Relations Court, *R. R.* 6:1–1 ordains that the rules in *Part* VI shall "govern the practice and procedure" in said court. But *Part* VI of the rules contains no grant of authority to take or order depositions. In fact, depositions are nowhere even mentioned in *Part* VI. It is fair to infer, therefore, that the power to take them, or to order them taken, does not exist in this court if the Rules of Civil Practice are to be regarded the sole source of that power.

The aforesaid specific authorizations of depositions for the Superior Court, the County Courts, the county district courts, the municipal courts, and County Courts sitting in probate matters, indicate that the deposition power does not exist in

any given court unless it is specifically granted to it by rule. To reason otherwise would be to expose the rulemaker to the unjust reproach of using words needlessly by conferring deposition powers upon courts that already possessed them in the first place.

The omission of the deposition power from *Part* VI bears the marks of being a deliberate one. If it was deliberate, then the rulemaker did not intend to confer it and this court does not have it. This conclusion finds persuasive support elsewhere in the rules, as well as in the statute that created this court. Thus, *R. R.* 6:5–1 enjoins this court to hear "in a summary manner" the cases coming before it "[u]pon return of process." *R. R.* 6:3–2 authorizes a complaint in writing. *R. R.* 6:3–3 permits, but does not require, a formal answer (in practice, answers are filed very rarely) and repeats the injunction that the case be heard "[u]pon the return day set forth in the process unless adjourned with the consent of the court." *N. J. S.* 2A:4–18 prescribes that this court shall "hear and determine in a summary manner" the cases that come before it.

The emphasis throughout is upon speed, and freedom from fuss and delay. Support cases in this court, commonly involving penniless women and their offspring, are frequently emergency matters, where simplicity in pleading and expedition in hearing and decision are essential to the achievement of substantial justice to the dependent persons. Introducing depositions under *R. R.* 4:16 into the practice of this court would do a grave and lasting disservice to the litigants who look to it for quick, inexpensive, uncluttered solutions of their support disputes. The social utility of this summary tribunal would be seriously compromised if time-consuming, delay-provoking depositions were regularly permitted as a matter of course at the unfettered option of a party.

*R. R.* 6:5–4(b), advanced by defendant, is guardedly worded; it merely transplants into this court the practice of the Superior Court so far, but only so far, as "fixing the

amount" of support is concerned. It has nothing whatever to do with depositions. That rule reads as follows:

"(b) In all other actions for support the court in fixing the amount of any support that may be directed to be paid shall take into account the needs and requirements of the plaintiff and the ability of the defendant to pay, following, insofar as practicable, the practice of the Superior Court in like matters."

*R. R.* 6:6–3 provides that in adult causes for the support of dependents, this court "shall follow the practice of the Superior Court in actions or proceedings for maintenance or support so far as may be appropriate." *R. R.* 4:98–5 specifically forbids depositions in divorce and nullity actions except by court order, but they are permitted as of course in separate maintenance suits. *Wheeler v. Wheeler,* 48 *N. J. Super.* 184 (*App. Div.* 1957). However, this feature of Superior Court practice is not, to use the wording of the quoted rule, "appropriate" to the Juvenile and Domestic Relations Court, for the reasons previously expressed herein, and should not be regarded as a part of its practice. In *Krause v. Krause,* 26 *N. J. Super.* 424 (*App. Div.* 1953), plaintiff wife in a support action applied to the Juvenile and Domestic Relations Court for a counsel fee under former *R. R.* 6:5–3(f). Said rule was, except for one word that does not affect its meaning, identical with present *R. R.* 6:6–3. Plaintiff there argued that because it was the practice of the Superior Court to award counsel fees in support cases, the Juvenile and Domestic Relations Court was empowered by said rule to "follow the practice" of that court and award a counsel fee, too. The Appellate Division held that the Juvenile and Domestic Relations Court never did have the power to award a counsel fee in a support case, and did not acquire it by virtue of said rule. By parity of reasoning, the circumstance that depositions are sanctioned by Superior Court practice in support suits does not automatically sanction them in support suits here.

*N. J. S.* 2A:4–19 provides that this court "shall be vested with all of the powers, rights and privileges incident to the hearing, determination and final disposition of all cases coming before it under section 2A:4–18 of this title, as are or may be exercised or enjoyed by any other court having jurisdiction over such cases." Even if this statute validly confers upon this court the authority to order depositions in a particular, proper case, the option is still, from the wording of the statute, the option of the court and not of the litigant. There may occur, from time to time, specific instances where depositions could be helpful to the court. A witness too feeble to attend court, or one close to death, or about to move out of the State, are all instances where this court might in its discretion order depositions, assuming that it has the power to do so. But this is something quite different from saying that the litigant may push depositions down the court's throat, regardless of whether the court wants or needs them.

Defendant presented no facts, either in the moving papers, or at or in the argument of the motion, indicating that this was a proper case for the court's exercising its supposed authority under *N. J. S.* 2A:4–19 to order depositions. Defendant's unadorned theory was that his right to take his wife's deposition was an unconditional one, with or without good cause. He treated the matter as being purely one of law, requiring no support from any factual persuasions.

█ Under any construction, however, *N. J. S.* 2A:4–19 would not be competent to clothe this court with the power to order depositions. Depositions are a form of discovery, and discovery falls into the field of practice and procedure, over which the *Constitution of* 1947 granted exclusive jurisdiction to the Supreme Court, entirely free from interference from the Legislature, which latter body, however, still remains supreme in the making and changing of substantive law. *Winberry v. Salisbury,* 5 *N. J.* 240 (1959). That grant of power, in *Art.* VI, § II, *par.* 3 of the Constitution, stating that "The Supreme Court shall make rules governing \* \* \* the practice and procedure in all such courts," effectively de-

274

prived the Legislature of the power to prescribe in which courts discovery should and should not be allowed. Such power is the exclusive possession of the Supreme Court, which has in its rules given the deposition power to several of the courts of New Jersey by separate express grants to them, and at the same time impliedly denied it to this court by its silence.

■ Support proceedings under the Interstate Reciprocal Enforcement of Family Support Act, *N. J. S.* 2A:4–30.1 *et seq.*, differ from all other support cases in this court because of a provision (in *N. J. S.* 2A:4–30.19) that in any suit "under this Act" the court "may order interrogatories or depositions to be taken within or without the State * * *." The "act" referred to is *L.* 1952, *c.* 197, the aforesaid *N. J. S.* 2A:4–30.1 to 30.23, entitled "An Act concerning support proceedings for or against persons residing in other States, territories or possessions of the United States having substantially similar or reciprocal laws * * *." The practical necessities engendered by said act, where the parties frequently reside great distances apart and testify against each other through the mail, differ radically from those involved in a purely local suit such as this one, where both parties reside under the same roof only a few miles from the courthouse. In any case, *N. J. S.* 2A:4–30.19 is, by reason of its physical placement in the body of the reciprocal act, restricted in its application to interstate reciprocal matters alone. The present suit is a purely local one. It is not, therefore, necessary to consider the effect, if any, of *Winberry v. Salisbury, supra,* upon the deposition feature of said reciprocal act.

For the foregoing reasons, defendant's application for an order permitting or commanding the taking of the plaintiff's deposition is denied.

■ Defendant's two remaining requests in his notice of motion are for a custody investigation by the Bergen County Probation Department, apparently pursuant to *R. R.* 6:5–5, and for an order compelling plaintiff to undergo a psychiatric examination, apparently pursuant to *R. R.* 6:3–8. The latter

rule allows this court to compel "any person coming under its jurisdiction" to be examined by a court-designated psychiatrist, so that such person's "special needs and personality" may be given due weight in disposing of the case. No facts were submitted, or even suggested, in support of either application. There was, therefore, nothing before the court that would move it to order at this time either a custody investigation or a psychiatric examination of plaintiff. Both requests are accordingly denied.