95 N.J. Super. 165 (1967)
230 A.2d 192
M., COMPLAINANT,
v.
F., DEFENDANT.
Superior Court of New Jersey, Juvenile and Domestic Relations Court, Union County.
Decided April 14, 1967.
*168 Mr. Walter S. Pryga, attorney for plaintiff.
Mr. Michael A. Cerreto, attorney for defendant.
KENTZ, J.J.D.R.C.
This is an action pursuant to N.J.S.A. 9:16-3 brought in the Juvenile and Domestic Relations Court of Union County by the mother of an illegitimate child against the alleged father. Both the mother and child are resident in Ohio. The putative father is a resident of Union County. Complainant has moved to permit the use at trial of her deposition and the depositions of prospective witnesses in her behalf who are also resident in Ohio. This motion is the sole issue presently before the court. Complainant asserts, and defendant does not contend otherwise, that she is "almost impoverished" and that it would be a great and perhaps insurmountable hardship to require her and the proposed witnesses to journey from Ohio and testify in person. Defendant relies substantially upon the recent holding of Ames v. Ames, 89 N.J. Super. 267 (J.D.R.C. 1965), which is the only reported decision in this area, and makes several other contentions which will be dealt with by the court.
In Ames a woman sued her husband, with whom she faithfully still cohabitated in New Jersey, for support in the Juvenile and Domestic Relations Court. The husband moved for an order that his wife submit to depositions as a matter of pretrial right of discovery. The court denied the motion on the grounds that Part VI of the Rules Governing the New Jersey Courts (1967 ed.) makes no explicit provision for the taking of depositions in that court, and that not only were *169 depositions inappropriate and unnecessary under the facts of the case but that under the circumstances the granting of the motion would frustrate the summary, economical nature of the tribunal.

I
Ames not only is patently distinguishable from the present case upon numerous grounds but really may be cited as authority in support of the present motion. Ames clearly held that depositions may be allowed in support actions in the Juvenile and Domestic Relations Court when "appropriate" (89 N.J. Super., at p. 272), as when circumstances creating "practical necessities" are present (at p. 274), and the use of such depositions are manifestly in furtherance of the "social utility of this summary tribunal" (at p. 271). Here, contrary to the facts in Ames, one party does not seek to compel the other to submit to depositions as a matter of course for the purpose of discovery, but merely to use depositions as a form of evidence in lieu of personal testimony. Obvious equitable considerations preponderate in favor of the motion, the granting of which would manifestly expedite and economize complainant's remedy in furtherance of the policies indicated by the Ames decision.
Though, as noted, Part VI of the Rules Governing the New Jersey Courts makes no specific provision for the taking of depositions, at least two provisions authorize the use of depositions in this court under proper circumstances. Specifically, R.R. 6:1-1, setting forth the scope of Part VI, provides that the rules may be "relaxed" in the interests of justice. And R.R. 6:6-3 provides that in actions "to provide for the support of dependents, the juvenile and domestic relations court shall follow the practice of the Superior Court * * * so far as may be appropriate." R.R. 4:16-4 provides for the use of depositions in proceedings in the Superior Court.
In its role as fact-finder this court is certainly subject to the traditional rules of evidence, grounded in the concept of equity and codified by recent enactments. R.R. 4:16-4(c) *170 is merely another such codification. Caramico v. Ferrigno, 83 N.J. Super. 426, 429 (App. Div. 1964). It is an accepted principle of the general law of evidence that depositions may be used in the place of personal testimony when the witness or a party to the action is virtually unavailable through no fault of the offeror of the depositions. See Goldstein v. Penna. Greyhound Lines, Inc., 23 N.J. Super. 126, 130 (App. Div. 1953); 16 Am. Jur., Depositions, § 124, p. 752; 26A C.J.S. Depositions § 92(1), p. 437; the American Law Institute's Model Code of Evidence, chapter 6, rules 503 and 511; and Rules 2, 63(3) and 62(6) (d) of the Rules of Evidence of the New Jersey Supreme Court. Given the opportunity of cross-examination by the opposing party, the principal characteristic of inherently questionable hearsay is removed. See comment to Rule 511 of the Model Code, supra; Daly v. Daly, 39 N.J. Super. 117 (J.D.R.C. 1956). Generally, the law merely requires that the highest degree of proof reasonably accessible be produced. Hoffman v. Rodman, 39 N.J.L. 252, 255 (Sup. Ct. 1877); Pluchino v. Piccolo, 114 N.J.L. 82, 84 (Sup. Ct. 1934).
Defendant contends that to grant the motion will deprive the court of an opportunity to observe the demeanor of the proposed deponents. However, this contention is much too broad, for to uphold it would mean that depositions may never be used. Ross v. Lewin, 83 N.J. Super. 420, 425 (App. Div. 1964). Furthermore, it cannot unquestionably be assumed that the absence of complainant and her witnesses will work a de facto prejudice upon defendant rather than weaken her case.
Also, this action is in the nature of support proceedings pursuant to N.J.S. 2A:4-30.1 et seq., in which depositions are unquestionably allowed under N.J.S. 2A:4-30.19. Ames v. Ames, supra, at p. 274. The dominant trend of contemporary pleading is to eliminate technical distinctions between similar causes of action and to achieve "substantial justice." Jersey City v. Hague, 18 N.J. 584, 602 (1955).
*171 Further, assuming arguendo that this is a "bastardy proceeding" and R.R. 7:15 governs this court through R.R. 6:5-8, R.R. 7:15-1 unmistakably implies a policy that all bastardy proceedings, regardless of the particular forum, are to be conducted according to a substantially identical procedure. It is therefore noteworthy that if this action were brought in the county district court, there would be absolutely no question of the use of depositions under R.R. 7:6-5.

II
Unique difficulties are raised by language in R.R. 7: 15-4 to the use of the deposition of complainant herself. The rule is applicable only to "bastardy proceedings." The troublesome language contained therein is that "[i]n every case * * * the mother of the illegitimate child may be examined, on oath, in the presence of the reputed father touching the paternity of the child." Does this provision preclude the use of the mother's deposition notwithstanding the above considerations?
While the term "bastardy proceeding" has been the subject of some rather loose usage, in Tuohy v. Boynton, 5 N.J. Super. 265, 266 (App. Div. 1949), it was stated that a "bastardy proceeding" is an "action prosecuted pursuant to R.S. 9:17-1 et seq. [and] it is settled law that the object of a proceeding * * * is to protect the municipality from the expense of maintaining the child." Since complainant here is the mother of the child suing for support pursuant to N.J.S.A. 9:16-3, it is clear that this is not a "bastardy proceeding." In addition, it is helpful that chapter 16 of Title 9 is entitled "Custody and Support," while chapter 17 of Title 9 bears the heading "Bastardy Proceedings." State v. Greene, 33 N.J. Super, 497, 500 (App. Div. 1955). Moreover, as the sense of an enactment is gathered from the "nature of the subject matter and the whole of the context and the acts in pari materia," it is significant that R.R. 7:15 has several provisions indicating that it applies only to chapter 17 proceedings brought by governmental agencies. Hackensack *172 Water Co. v. Ruta, 3 N.J. 139, 147 (1949). The court has reference, in particular, to the provisions of R.R. 7:15 for preliminary examination of the mother, a preliminary hearing, the taking of a bond, the issuance of a warrant and an order of filiation. These are characteristic of chapter 17 actions but foreign to suits pursuant to chapter 16 of Title 9. Finally, it should be noted that R.R. 7:15-4 differentiates between "mother" and "complainant." That complainant here demands an "order of filiation" and the taking of a "bond" is irrelevant, for such demands are nullities. Tuohy v. Boynton, supra.
However, assuming this is a "bastardy proceeding" to which R.R. 7:15-4 is applicable, complainant's motion should be granted without exception to the taking of her disposition. As bastardy proceedings are strictly civil in nature, there is no cogent analogy between the language of R.R. 7:15-4 and the Sixth Amendment right of a defendant in all criminal prosecutions "to be confronted with the witnesses against him." See M. v. F., 55 N.J. Super. 548, 550 (Cty. Ct. 1959); Borawick v. Barba, 7 N.J. 393 (1951). Further, under R.R. 7:15-4 defendant clearly cannot compel complainant to appear as a matter of unfettered right since the rule uses permissive language "may". De Cosmo v. Foreman, 67 N.J. Super. 548, 552 (App. Div. 1961). And 10 C.J.S. Bastards § 99, indicates that in enactments of this nature discretion is "ordinarily" with the court, if there is discretionary language. This conclusion is reinforced by R.R. 6:1-1, as applied to R.R. 7:15-4 through R.R. 6:5-8, to the effect that certain provisions may be "dispensed with by the court" in the interests of justice. Actually, the utilization of complainant's deposition substantially and equitably complies with the reason and spirit of R.R. 7:15-4, since depositions are taken under oath with the opportunity of cross-examination. Daly v. Daly, supra; Corrigan v. Gassert, 27 N.J. 227, 238 (1958). The rule's use of the word "examined," as opposed to "testify," is significant, the former being a more inclusive term.
*173 The probable legislative background of the rule is also helpful. See 2 Sutherland, Statutory Construction (3d ed.), § 5002, p. 483, and Murphy v. Zink, 136 N.J.L. 235, 239 (Sup. Ct. 1947). R.R. 7:15-4, itself of relatively recent origin, was preceded by N.J.S. 9:17-7, first enacted in 1898. As it then appeared, the statutory language was absolute, for it made no express provision for the justified unavailability of the mother. However, in 1907 the Supreme Court read just such a limitation into the provision. Bennett v. Briggs, 65 A. 717 (Sup. Ct. 1907). The statute was subsequently amended in 1924 to specifically allow the use of the mother's deposition (in lieu of her personal testimony) if she could not be found in the jurisdiction. In 1949 N.J.S.A. 9:17-7 was again amended and the language was condensed so that it was almost a verbatim duplicate of the present R.R. 7:15-4. However, it is significant that in adopting this language the Legislature indicated no change of intention with regard to the justifiable use of depositions. There is a presumption against such change. Casey v. Male, 72 N.J. Super. 288, 295 (Law Div. 1962).
Finally, it is clear that R.R. 7:15-4 must be read in conjunction with R.R. 7:6-5, since they are in pari materia. Furlong v. Bd. of Com'rs of Town of Nutley, 15 N.J. Super. 541, 546 (Law Div. 1951). The latter rule permits the use of depositions with but one expressed exception, to wit, where the court, in its discretion, finds there is no "good cause" for their use. Where an enactment specifies one exception to a general rule, other exceptions are excluded by strong implication. Kobylarz v. Mercer, 130 N.J.L. 44, 48 (E. & A. 1942); Dillemuthe v. Efinger, 126 N.J.L. 579 (Sup. Ct. 1941). That this action has been brought in the Juvenile and Domestic Relations Court is of no consequence, for it is literally clear from R.R. 7:15-1 that R.R. 7:15-4 (as constructed in the light of R.R. 7:6-5) is to have precisely the same meaning in all forums.
For the above-stated reasons the complainant's motion is granted upon the following conditions: (a) affidavits be submitted *174 that all of the prospective deponents are unavailable to testify, complainant cannot afford to transport them to New Jersey, and defendant refuses to do so; (b) defendant be given due notice of the taking of all depositions and an opportunity for cross-examination, in compliance with R.R. 4:16, and (c) the depositions so taken furnish a reasonably complete record upon which the court (together with other evidence) may make its findings.
An order will be entered in accordance with this opinion.