EDMUND A. DESANTIS, DIRECTOR PASSAIC COUNTY BOARD
OF SOCIAL SERVICE ASSIGNEE FOR LAVONNE HOLLEN,
PLAINTIFF, v. JOHN DUKES, DEFENDANT.

Juvenile and Domestic Relations Court
Passaic County

May 6, 1981.

*Mitchell H. Spingarn* for plaintiff (Passaic County Board of Social Services).

*Thomas Melani* for defendant.

FERRANTE, P. J. J. D. R. C.

This case poses a question hitherto unaddressed by the courts of this State, to wit, whether the Juvenile and Domestic Relations Court has the power to authorize and order pretrial discovery in a paternity action.

On November 18, 1980 the Passaic County Board of Social Services (board) began this action pursuant to *N.J.S.A.* 9:17–1 *et seq.* In its complaint the board alleges that defendant is the father of two illegitimate children. On February 4, 1981 defendant appeared before the court for arraignment and entered a plea of "not guilty." At that time defense counsel made application for permission to serve complainant board with interrogatories. The application was granted. Subsequently, on February 11, 1981 the attorney for complainant board received interrogatories from defendant attorney under cover letter which requested that the interrogatories be answered by the mother of the two illegitimate children.

Complainant board now moves to vacate the order of February 4, 1981 which allowed defendant's attorney to propound said interrogatories. It is stipulated by all parties that the board was unrepresented by counsel at the arraignment when the order was entered. The issue which must be addressed at this juncture is whether the Juvenile and Domestic Relations Court can authorize and order interrogatories in a bastardy proceeding.

The essence of the board's argument urging that the order be vacated is that *R.* 5:5–9, which governs procedure in every court having jurisdiction over bastardy proceedings, is silent on the subject of the availability of discovery. Complainant argues that because the rules are silent, our Supreme Court has, by implication, disallowed discovery proceedings in bastardy matters.

The board asks the court to follow the ruling in *Ames v. Ames*, 89 *N.J.Super.* 267 (J. & D.R.1965). In *Ames* plaintiff wife brought an action in Juvenile and Domestic Relations Court seeking support from defendant husband for herself and three children of the marriage. The husband moved for an order permitting the taking of the wife's deposition. The trial judge denied defendant's application, reasoning as follows: the rule-making power is in exclusive possession of our Supreme Court, which by express grants has given deposition power to several courts and at the same time impliedly denied it to the Juvenile and Domestic Relations Court by its silence. 89 *N.J.Super.* at 273.

This court finds that complainant's reliance on *Ames* is misplaced. In that case the trial judge was specifically dealing with a support action, and therefore *Ames* can clearly and properly be distinguished from the case at bar.

Support cases in this court, commonly involving penniless women and their offspring, are frequently *emergency matters*, where simplicity in pleadings and expedition in hearing and decision are essential. [at 271].

To interpret *Ames* as supporting the proposition that the Juvenile and Domestic Relations Court has no discovery power is overbroad. Instead, *Ames* quite rightly decided that discovery is not available in cases involving an emergent need for immediate support. Such support proceedings in the Juvenile and Domestic Relations Court are analogous to applications for support *pendente lite* in the Matrimonial Division. In both cases the need for support is immediate, the parties submit income and expenses certifications, and the judge expeditiously sets the order for support if it is warranted.

A bastardy proceeding brought by the county board of social services is of entirely different character. The board, as complainant, seeks reimbursement of its expenditures by attempting to show that the obligation for support of a minor child rests with a putative father. It is not an expedited proceeding; it is conducted in the manner of a trial.

Paternity actions, whether instituted under *N.J.S.A.* 9:16–2 *et seq.* or *N.J.S.A.* 9:17–1 *et seq.*, or both, have been variously described as "civil" in nature. *State v. Clark*, 58 *N.J.* 72 (1971); *M. v. F.*, 55 *N.J.Super.* 548 (Cty.Ct.1959), or *"quasi*-criminal", *Smith v. Walker*, 138 *N.J.Super.* 187 (Cty.Ct.1975). They have been described as a "special statutory proceeding." *Eisler v. Toms*, 160 *N.J.Super.* 272 (J. & D.R.1978). Regardless of whether a paternity action is characterized as civil or criminal, New Jersey's court rules provide for far-ranging discovery in both civil (*R.* 4:10–2(a)) and criminal (*R.* 3:13–3) matters. Moreover, benefits of pretrial discovery have long been recognized by our Supreme Court. Encouragement of liberal pretrial discovery is an affirmative policy of that court.

In *Lang v. Morgan's Home Equipment*, 6 *N.J.* 333 (1951), Chief Justice Vanderbilt wrote:

> Liberal procedures for discovery in preparation for trial are essential to any modern judicial system in which the search for truth is paramount and in which concealment and surprise are not tolerated. [at 338]

More recently, in *Jenkins v. Ruinner*, 69 *N.J.* 50 (at 56) (1978), the Supreme Court once again observed that "our court system has long been committed to the view that essential justice is better achieved when there has been full disclosure."

It is true that there are no specific provisions in the rules providing for discovery in the Juvenile and Domestic Relations Court. *R.* 5:6–3(a), however, mandates that in adult matters brought for the support of dependents this court, insofar as practicable, must follow the practice of the Superior Court. As pointed out above, the rules governing the procedure of the Superior Court provides for broad discovery in criminal and civil matters. Moreover, the source rule for *R.* 5:6–3 (former *R.R.* 6:6–3), which contained essentially the same language as the current rule, has been interpreted as empowering the Juvenile and Domestic Relations Court to authorize depositions under proper circumstances. *M. v. F.*, 95 *N.J.Super.* 165, 169 (J. & D.R.1967). In *M. v. F.*, a paternity action brought pursuant to *N.J.S.A.* 9:16–2 *et seq.*, a mother's deposition was used in lieu of

personal testimony when she could not be found within the jurisdiction.

Furthermore, the Legislature has expressed its desire that the Juvenile and Domestic Relations Court possess "all the powers, rights and privileges incident to the hearing determination and final disposition of all cases coming before it." *N.J.S.A.* 2A:4–19.

This court finds that the above statutory language, in conjunction with *R.* 5:6–3(a), when viewed against the strong Supreme Court policy in favor of liberal pretrial discovery, provides a sufficient basis for the Juvenile and Domestic Relations Court to authorize and order discovery in actions brought before it.

The board also argues in its brief that it should not be compelled to answer interrogatories addressed to the mother on whose behalf this action is brought, or interrogatories seeking information arguably confidential under *N.J.S.A.* 44:10–3(d) and *N.J.A.C.* 10:81–7, 30–35.

■ Complainant's contention that the board cannot be compelled to answer interrogatories addressed to the mother requires comment. The mother's position in the instant action can be analogized to that of the insured in a subrogation action brought by his insuror. The mother in a paternity action may possess personal knowledge, discovery of which is essential to defendant's trial preparation. In a bastardy proceeding there is a substantial identity of interest between the complainant welfare board and the mother of the child in question. *See Leonard v. Werger,* 21 *N.J.* 539, 543 (1956). Thus, the complainant board will be compelled to furnish answers to interrogatories addressed to the mother.

Other objections to specific interrogatories do not go to the plenary power of this court to authorize and order pretrial discovery *per se*, and complainant may make these arguments at a hearing pursuant to *R.* 4:17–5 ("Objections to Interrogatories").

Because the complainant was not represented by counsel when the original order permitting interrogatories was set, that order is vacated and a new order permitting defendant to propound interrogatories is hereby entered.